UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN SURABIAN and RICHARD SURABIAN,<br>            Plaintiffs,<br><br>v.<br><br>RESIDENTIAL FUNDING COMPANY, LLC, f/k/a RESIDENTIAL FUNDING<br><br>            Defendant. | Civ. No. 1:10-cv-10546-NG |

## PLAINTIFFS ANSWER TO DEFENDANTS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Plaintiffs object to Defendants Motions pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure.

### INTRODUCTION

This jury demand action arises out of an attempted illegal foreclosure by the Defendant on the Plaintiffs property. Defendants were informed of this dispute by the Plaintiffs See Exhibit "B" of the JURY DEMAND VERIFIED COMPLAINT . Defendants moved this case from State Court to this court on April 1, 2010 see SUMMONS AND ORDER OF NOTICE there was a Motion Hearing for Preliminary Injunction in Massachusetts Superior Court to be heard April 2, 2010. On page 2 of 2 of CIVIL COVER SHEET dated April 1, 2010 #8 was checked of NO.

### FACTUAL BACKGROUND

On the 4th day of November, 2005, Steven Surabian purchased a parcel of property located at 33-35 Evergreen Street, Yarmouth, Massachusetts (the "property" ) Not as claimed by the Defendant on March 8, 2006. See Defendants own Exhibit "A" The Deed was recorded on March 8, 2006.
Steven Surabian did not obtain a loan to finance the property in the amount of $308,000. The five page ADJUSTABLE RATE NOTE may not need the signature of Richard Surabian

because that deed transaction took place at a later date. Exhibit "C" of the Complaint is a copy of the so called ADJUSTABLE RATE MORTGAGE dated March 8, 2006 the day someone recorded the deed. There is no NOTARY SEAL on what is claimed to be the signature of Steven Surabian and any prior pages were just attached to that signature. Defendant claims in Massachusetts all pages do not need to be Notarized. The intent of Massachusetts was not so you could attach any prior pages to a signature and thus those pages become part of that document.

See Exhibit "D" of the Complaint the so called eleven page Mortgage. Page eleven of eleven is the signature of Steven Surabian with a Notary Seal but the previous ten pages do not belong with that document. This may have been an honest mistake or intentional on the part of whom ever recorded that document. Someone one took some money but that someone was not Steven Surabian. Exhibit "E" & "F" of the Complaint are the same sa the above no signature or Notary Seal were there is a signature.

Yes on May 7, 2009 there was an Assignment of Mortgage, this is not proof that the Mortgage was legal or in force able under the law.

Plaintiffs were informed by the Defendant that they intended to foreclose under those disputed documents.

On March 15, 2010 the Plaintiffs were forced to file their Verified Complaint Jury Demand. The Plaintiffs seek to invalidate the Mortgage and to recover damages caused by this continued attempt to foreclose based on fradulent documents.

## ARGUMENT

A.  Richard Surabian's Signature May Not Be Required But Steven Surabian's Is Required.

The Surabians' claim that the Mortgage is unenforceable because Steven's signature is not on documents or are not Notarized or if Notarized that that signature is not to have been attached to the previous pages. This mortgage was taken out four Months after the Deed transfer.

The Plaintiffs claim that the Mortgage should be discharged because the loan documents are not legal because they lack a notary seal. Where the Plaintiffs acknowledge, Steven's signature is notarized on page 11 of the Mortgage the Defendant claims there is simply no requirement that Steven sign each page of the Mortgage or Noteand to have each of those signatures notarized. That simply is not true otherwise this means once you obtain a signature from someone lets say for a thousand then all someone would have to do is replace the previous pages with new one that say one hundred thousand dollars. Maybe in a perfect world. Just because the Mortgage has a signature and was recorded in the Barnstable County Regestry of Deeds the Defendants therefore think it is enforceable. If that were so all anyone would have to do is sign some ones name and record it or the very least get a signature for something then attach previous pages and record that document. No one would own anything in the United States if that were true.

B.  The Surabians Did Set Forth Sufficient Facts To State A Claim for Relief.

Steven Surabian did not default under the terms of the note because the note is not a legal. This was expressed in the complaint and was not simply asserted, in conclusory fashion, that the

Mortgage and Note should be discharged or that RFC should be enjoined from foreclosing until the "disputed Mortgage and Note are resolved." There was Exhibits in the Complaint to support the Plaintiffs claim.

Cases sited by the Defendant are not relevant to this case. The Surabians' allegations are not unsupported there was support supplied as Exhibits in the Complaint .

## CONCLUSION

For the foregoing reason, this court should Dismiss the Defendants Motions.

_Richard Surabian_ Pro se
P.O. Box 397
West Hyannisport, Ma 02672
508-579-9834

_Steven Surabian_ Pro se
1230 Rt. 28
South Yarmouth Ma 02664
508-688-4613

Dated: April 30, 2010

### CERTIFICATE OF SERVICE

We, Richard Surabian and Steven Surabian, certify that a true and accurate copy of the foregoing document was mailed on this 30th day of April, 2010 was mailed postage paid to the defendants attorney, Joseph P. Calandrelli, Prince, Lobel, Glovsky & Tye LLP, 100 Cambridge St., Suite 2200 Boston, Ma 02114

_Richard Surabian_

_Steven Surabian_